**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MITCHELL LYNN WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-11-1162-F |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| And WARDEN OF FCI-EL RENO, | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing *pro se*, brings this action seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition has been promptly examined.[1] A review of the Petition establishes that Petitioner is challenging the validity of a federal sentence, not the execution of the sentence. As set forth below, Petitioner may not proceed with his claims in a petition brought pursuant to § 2241. Rather, Petitioner's grounds for relief must be pursued by filing a motion pursuant to 28 U.S.C. § 2255 (governing challenges to the validity of a federal conviction and sentence). It is recommended that the Petition be construed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and that the case

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1631.

**Background and Grounds for Relief**

Petitioner was sentenced on November 7, 1995, after his conviction in the United States District Court for the District of Oregon. He was sentenced to a 262-month term of imprisonment to be followed by a 120-day "public law commitment" to be served in a halfway house at the end of his term of imprisonment. He was also sentenced to a 60-month term of supervised release.

Petitioner challenges the constitutionality of the 120-day public law commitment to a halfway house. According to Petitioner, he had been estranged from his family at the time of his conviction, and the sentencing judge believed that the 120-day commitment was necessary because of Petitioner's lack of family ties and lack of a stable foundation. According to Petitioner, his circumstances have changed during his incarceration. He states that he has been in constant contact with his mother who would provide him a stable and solid foundation for his release, making the public law portion of his sentence unnecessary. Petitioner "requests this Court remove the unconstitutional and unnecessary 'Public Law' component of Sentence ordered by the United States District Court for the District of Oregon."

**Analysis**

The ground for relief asserted in this habeas petition convinces this Court that Petitioner's cause arises under 28 U.S.C. § 2255. Generally, a petition under 28 U.S.C.

§ 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A motion brought pursuant to 28 U.S.C. § 2255, on the other hand, "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Section 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In this case, Petitioner directly challenges the imposition of the 120-day public law portion of his sentence on constitutional grounds. Therefore, the issue presented by Petitioner falls squarely within the purview of § 2255 and must be pursued in the sentencing court. Because Petitioner was convicted and sentenced in the United States District Court for the District of Oregon, this Court may not entertain Petitioner's application for writ of habeas corpus. *See Prost v. Anderson*, 636 F.3d 578, 587 -588 (10th Cir. 2011) (§ 2255 requires federal prisoners to bring challenges to the lawfulness of their detentions in the districts where they were originally convicted and sentenced).

Petitioner's application is properly construed as an action governed by 28 U.S.C. § 2255, and consequently, the sentencing court, in this case the United States District Court

for the District of Oregon, is the proper forum. Pursuant to 28 U.S.C. § 1631, this case should be transferred to the United States District Court for the District of Oregon.

## RECOMMENDATION

For the reasons set forth above, it is recommended that this action be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1631. Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by January  3rd , 2012. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this  13th  day of December, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE